# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENTON W. GAGE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV 18-082-RAW-SPS |
| | ) |
| **DEPARTMENT OF VETERAN** | ) |
| **AFFAIRS / OKLAHOMA CITY** | ) |
| **VETERANS HOSPITAL, et al.,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se prisoner who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations related to his incarceration (Dkt. 1). He has named four defendants: Department of Veterans Affairs/Oklahoma City Veterans Hospital; Oklahoma Department of Corrections/State of Oklahoma; Veterans Affairs Treatment Court; and Payne County District Court. *Id.* at 2-3.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b);

28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

**Factual Allegations**

Plaintiff alleges that from approximately June 1, 2014, to August 28, 2015, he was incarcerated at the following facilities: LeFlore County Jail in Poteau, Oklahoma; Jim E. Hamilton Correctional Facility in Hodgen, Oklahoma; Union City Correctional Center in Union City, Oklahoma; Mangum Work Center in Mangum, Oklahoma; Lexington Assessment and Reception Center in Lexington, Oklahoma; and Tulsa County Jail in Tulsa, Oklahoma. He also served time related to the Veterans Treatment Court in Tulsa. He complains about the length of his conviction and his security level related to an unspecified misconduct. He further states he is seeking monetary damages for the time of his incarceration and for violations of Department of Corrections administrative procedures. (Dkt. 1 at 13).

Plaintiff asserts that after he was released from the LeFlore County Jail, he was unable to find a job, and he attempted suicide on multiple occasions when no agency or facility was able to assist him in finding gainful employment. He claims he was prescribed a placebo medication for anxiety at the Veterans Affairs Hospital/Mental Health Facility in Oklahoma City, which caused him stress and anxiety related to his unemployment and resulted in his "attempted involuntary suicide." He alleges the sentence he presently is serving for Assault with a Dangerous Weapon actually arose from the "involuntary" attempt at suicide.[1] Because

---

[1] Plaintiff is incarcerated pursuant to his conviction in Payne County District Court Case No. 2017-492 for Assault with a Dangerous Weapon. The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net and the Oklahoma DOC Offender website at https://okoffender.doc.ok.gov. *See Pace v. Addison*, No. CIV-14-0750-HE,

3

he was suicidal, he allegedly was denied access to his Judgment and Sentence, forms, or writing instruments with which to file an appeal, and his public defender was ineffective. Plaintiff is asserting the acts of the State of Oklahoma/Department of Corrections and the Veterans Affairs administration denied him the right of access to the courts. *Id.* at 13-14.

**Defendants are not Proper Parties**

As an initial matter, the Court finds the defendants named in the complaint are not proper parties for a civil rights action under 42 U.S.C. § 1983. Plaintiff has sued numerous state and federal agencies and facilities, a state district court, and the State of Oklahoma. A § 1983 action, however, provides a cause of action against state officials, not federal agencies. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a *person acting under color of state law*. 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Tarabishi v. McAlester Reg'l Hosp.*, 827 F.2d 648, 651 (10th Cir. 1987) ("The provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage"). It is well-established that absent an unmistakable waiver by the State of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal

---

2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014); *Triplet v. Franklin*, 365 Fed. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

courts for states and their agencies. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 243 (1985); *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n,* 450 U.S. 147, 150, 101 (1981) (per curiam). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that states and governmental entities considered arms of the state for Eleventh Amendment purposes are not "persons" within the meaning of 42 U.S.C. § 1983); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law").

**Access to the Courts**

Plaintiff alleges he was denied access to the courts to file an appeal. He, however, admits he was represented by counsel. "[A]n inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research." *Smith v. Harvey County Jail*, 889 F. Supp. 426, 431-32 (D. Kan. 1995) (citations omitted).

**Ineffective Assistance of Counsel**

To the extent Plaintiff seeks compensatory damages because his attorney was ineffective in failing to pursue a direct appeal, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing

5

28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Plaintiff has not made this showing.

**Venue**

It is unclear from the complaint where the complained-of events occurred. Construing Plaintiff's allegations liberally, the Court finds "a substantial part of the events or omissions set forth in the complaint occurred in locations within the territorial jurisdictions of the United States District Courts for the Western or Northern Districts of Oklahoma. *See* 28 U.S.C. § 1391(b)(2). Because of the numerous deficiencies in the complaint, however, the Court finds it would not be "in the interest of justice" to transfer this matter to another district under 28 U.S.C. § 1406(a). In "certain limited circumstances" where the defense of improper venue "is obvious from the face of the complaint and no further factual record is required to be developed," and "it is clear that the plaintiff can allege no set of facts to support . . . venue," the Court has the authority under 28 U.S.C. § 1915(e) to dismiss the cause of action *sua sponte*. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotations and citation omitted). *See also Johnson v. Christopher*, 233 Fed. App'x 852, 2007 WL 1446085 (10th Cir. May 17, 2007) (unpublished) (upholding *sua sponte* dismissal of action without prejudice for improper venue pursuant to 28 U.S.C. §§ 1406(a) and 1391(b)).

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for improper venue. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this 3rd day of May 2018.

**Dated this 3rd day of May, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma